IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BERNARDINO M. HERRERA | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. 4:19-CV-03606 |
| | § | |
| LIBERTY INSURANCE CORPORATION | § | (JURY) |
| | § | |
| Defendant. | § | |

**NOTICE OF REMOVAL**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Liberty Insurance Corporation *incorrectly sued as Liberty Mutual Insurance* ("Defendant"), timely files this Notice of Removal pursuant to 28 U.S.C. § 1441(a), 28 U.S.C. § 1332(a), and 28 U.S.C. §1446(b), removing this action from the 234th District Court of Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division, and in support thereof shows as follows:

**A.    Introduction**

1.    Plaintiff Bernardino M. Herrera ("Plaintiff") commenced this lawsuit against Defendant in the 234th District Court in Harris County, Texas, by filing his Original Petition on or about August 22, 2019.  A true and correct copy of the Original Petition is attached hereto as Exhibit "A."  Plaintiff served the Original Petition on Defendant Liberty Insurance Corporation on August 30, 2019.  See proof of date of service attached as Exhibit "A".  A true and correct copy of Defendant's Answer to Plaintiff's Original Petition, Defendant's Special Exceptions to Plaintiff's Original Petition, and Defendant's Jury Demand filed on September 20, 2019 is attached hereto as Exhibit "B."

2.     Defendant is filing this Notice of Removal within 30 days of its first receipt of Plaintiff's Original Petition as required by 28 U.S.C. § 1446(b).

3.     Plaintiff seeks to recover damages in this lawsuit based on allegations of breach of contract, violations of the Texas Insurance Code and breach of the covenant of good faith resulting from the alleged conduct of Defendant. Plaintiff's claims arise under a homeowner's policy of insurance issued by Defendant on real and personal property owned by Plaintiff, located in Harris County, Texas, which is alleged to have been damaged by Hurricane Harvey on or about August 28, 2017.

**B.     Jurisdiction & Removal**

4.     In a removal situation, the burden is on the removing party to establish the existence of jurisdiction and the propriety of removal. *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). This Court has jurisdiction in this case pursuant to 28 U.S.C. § 1332, in that there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00. Accordingly, statutory authority for the removal of this matter is conferred by 28 U.S.C. §§ 1441 and 1446.

5.     Complete diversity under 28 U.S.C. § 1332 exists in this case. Plaintiff is a citizen of the State of Texas. Liberty Insurance Corporation is a corporation organized under the laws of the State of Massachusetts, with its principal place of business in Boston, Massachusetts.

6.     In addition, the amount in controversy meets the minimum jurisdictional requirements under 28 U.S.C. § 1332. Here, Plaintiff states in paragraph 2 of his Original Petition that he is suing for monetary relief over $200,000 but not more than $1,000,000.

7.     Venue is proper in this district and division under 28 U.S.C. § 1441(a) because the state court where the action has been pending is located in this district and division.

8.    Contemporaneous with the filing of this Notice of Removal, Defendant is filing a Notice of Filing Notice of Removal with the Clerk of 234th District Court of Harris County, Texas pursuant to 28 U.S.C. § 1446(d).

9.    Attached hereto are all documents required by 28 U.S.C. § 1446(a).

10.    Defendant demanded a jury in the state court action.  Defendant also requests a trial by jury pursuant to Rule 81(c)(3)(A), Federal Rules of Civil Procedure.

11.    All fees required by law in connection with this Notice have been tendered and paid by Defendant.

WHEREFORE, Defendant Liberty Insurance Corporation *incorrectly sued as Liberty Mutual Insurance* hereby removes the above-captioned matter, now pending in the 234th District Court of Harris County, to the United States District Court for the Southern District of Texas, Houston Division.

Respectfully submitted,

**SHEEHY, WARE & PAPPAS, P.C.**

/s/ *J. Mark Kressenberg*
J. Mark Kressenberg
Fed. Adm. No. 7793
Texas State Bar No. 11725900
jkressenberg@sheehyware.com
Edward C. Kiss
Southern District of Texas Bar No. 1099641
Texas State Bar No. 24064284
ekiss@sheehyware.com
909 Fannin Street
Two Houston Center
Suite 2500
Houston, Texas 77010-1003
713-951-1000 Telephone
713-951-1199 Telecopier

**ATTORNEYS FOR THE DEFENDANT**

## **CERTIFICATE OF SERVICE**

  I hereby certify that a true and correct copy of the above foregoing instrument has been forwarded via certified mail, return receipt requested, messenger delivery, e-filing, or facsimile transmission on this the 24th day of September, 2019 to the following counsel of record:

 Anthony G. Buzbee
 Christopher J. Leavitt
 The Buzbee Law Firm
 JP Morgan Chase Tower
 600 Travis
 Suite 6850
 Houston, Texas 77002
 713-223-5909 - facsimile
 tbuzbee@txattorneys.com
 cleavitt@txattorneys.com


 Stephen R. Walker
 Gregory J. Finney
 Juan A. Solis
 Law Offices of Manuel Solis, PC
 6657 Navigation Blvd.
 Houston, Texas 77011
 281-377-3924 - facsimile
 swalker@manuelsolis.com
 gfinney@manuelsolis.com
 jusolis@manuelsolis.com

               /s/ *J. Mark Kressenberg*
              J. Mark Kressenberg

3575143